Marion I. Quesenbery, Cal. SBN 072308
Elise C. O'Brien, Cal. SBN 245967
RYNN & JANOWSKY, LLP
P.O. Box 20799
Oakland, CA 94620
Telephone:    (510) 705-8894
Facsimile:    (510) 705-8737
E-mail: marion@rjlaw.com
E-mail: elise@rjlaw.com

Attorneys for Plaintiff
The Chuck Olsen Co., Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CHUCK OLSEN CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> MENDOCINO GOLD GIFTS LLC dba GOTFRUIT.COM; ALEXANDER THOMAS III, individually and as trustee of Revocable Trust dated 10-28-91; STEPHEN N. THOMAS, individually and as trustee of Revocable Trust dated 11-12-91; and ANNE I. THOMAS, individually and as trustee of Revocable Trust dated 9-17-91, <br><br> Defendants. | CASE NO. C08-03039 MEJ <br><br> **COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. § 499a,** *et seq.***]** <br><br> 1. **ENFORCEMENT OF PACA TRUST PROVISIONS;** <br> 2. **BREACH OF CONTRACT;** <br> 3. **BREACH OF FIDUCIARY DUTY BY PACA TRUSTEE;** <br> 4. **VIOLATION OF PACA: FAILURE TO PAY PROMPTLY AND TO MAINTAIN TRUST;** <br> 5. **UNJUST ENRICHMENT;** |

Plaintiff The Chuck Olsen Co., Inc. ("Olsen" or "Plaintiff") complains and alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction of this case pursuant to the Perishable Agricultural Commodities Act [7 U.S.C. § 499e(c)(5)] ("PACA") and 28 U.S.C. § 1331. In addition, under

COMPLAINT                                                                                      1

28 U.S.C. § 1367(a), this Court has jurisdiction of any state law claims and remedies by virtue of the Court's supplemental jurisdiction, because the state law claims form part of the same case or controversy. Venue is proper under 28 U.S.C. § 1391(b).

2. Plaintiff The Chuck Olsen Co., Inc. is a California corporation whose principal place of business is in Visalia, California.

3. Plaintiff is informed and believes and thereon alleges that Defendant Mendocino Gold Gifts L.L.C. ("Mendocino Gold") is and was during all material times a California limited liability company, which was doing business as Gotfruit.com, with its principal place of business in Ukiah, California.

4. Plaintiff is informed and believes and thereon alleges that Defendant Alexander Thomas III ("Alexander Thomas") is an individual who resides in Ukiah, California. In addition, Plaintiff is informed and believes and thereon alleges that Defendant Alexander Thomas is the trustee of Revocable Trust dated 10-28-91, which is a member and owner of Mendocino Gold.

5. Plaintiff is informed and believes and thereon alleges that Defendant Stephen N. Thomas ("Stephen Thomas") is an individual who resides in Ukiah, California. In addition, Plaintiff is informed and believes and thereon alleges that Defendant Stephen Thomas is the trustee of Revocable Trust dated 11-12-91, which is a member and owner of Mendocino Gold.

6. Plaintiff is informed and believes and thereon alleges that Defendant Anne I. Thomas ("Anne Thomas") is an individual who resides in Sacramento, California. In addition, Plaintiff is informed and believes and thereon alleges that Defendant Anne Thomas is the trustee of Revocable Trust dated 9-17-91, which is a member and owner of Mendocino Gold, and that she is agent for service of process on Mendocino Gold, with a service address in Ukiah, California.

COMPLAINT                                                             2

## II.

## **INTRADISTRICT ASSIGNMENT**

7.  This action arose in Ukiah, California.  Defendant Mendocino Gold's principal place of business is in Ukiah, California.  Plaintiff is informed and believes that the individual Defendants conduct business in Ukiah, California as the managing members of the Defendant limited liability company Mendocino Gold and that they reside in Ukiah and Sacramento, California.  Plaintiff alleges in this Complaint that Defendants owe Plaintiff $34,786 for fresh fruit (e.g., navel oranges, tangerines) that Plaintiff sold and shipped to Defendant Mendocino Gold from December 2007 to January 2008 in interstate commerce to Defendant Mendocino Gold in Ukiah, California, pursuant to the contracts of sale between Plaintiff and Defendant Mendocino Gold.  These contracts were entered into in Ukiah, California.  In addition, Defendants Alexander Thomas, Stephen Thomas, and Anne Thomas breached their fiduciary duty in Ukiah, California by allowing Defendant Mendocino Gold to dissipate the PACA trust assets held by Mendocino Gold for the benefit of Plaintiff.

## III.

## **FIRST CAUSE OF ACTION**

**(ENFORCEMENT OF THE PACA TRUST PROVISIONS;
DISGORGEMENT OF PACA TRUST ASSETS)**
*Against All Defendants*

8.  Plaintiff realleges and incorporates by reference paragraphs 1 through 7 of this Complaint as though fully set forth in this paragraph 8.

9.  Plaintiff Olsen is and was at all relevant times engaged in the business of selling and shipping agricultural commodities – as defined by the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a *et seq.* ("PACA") – throughout the United States and internationally, and it is currently and was at all relevant times licensed by the United States Department of

COMPLAINT                                          3

Agriculture ("USDA") as a commission merchant, dealer, and/or broker of perishable agricultural commodities (license number 20030262).

10. Defendant Mendocino Gold is and was, at all relevant times, engaged in the business of purchasing and selling perishable agricultural commodities – as defined by the PACA, and it currently is and was at all relevant times licensed by the USDA as a commission merchant, dealer, and/or broker of perishable agricultural commodities (license number 20070017).

11. Plaintiff is informed and believes and thereon alleges that Defendants Alexander Thomas, Stephen Thomas, and Anne Thomas, both individually and as trustees for the Revocable Trusts dated 10-28-91, 11-12-91, and 9-17-91, are and at all relevant times where the owners, managing members, and officers of Mendocino Gold and that they now and at all relevant times did control its day-to-day management, financial affairs, and PACA trust assets.

12. From December 2007 through January 2008, Plaintiff Olsen sold and shipped perishable agricultural commodities (e.g., navel oranges, tangerines) to Defendant Mendocino Gold at Mendocino Gold's request. Defendant Mendocino Gold agreed to pay Olsen $34,786 for this fresh fruit; however, Mendocino Gold has failed to pay for the perishable agricultural commodities as agreed, and $34,786 remains long past due and unpaid by Mendocino Gold. Payment was due within 10 days of acceptance of the fruit by Mendocino Gold. 7 C.F.R. § 46.2(aa)(5).

13. Pursuant to the PACA trust provisions, 7 U.S.C. § 499e(c), upon receipt by Mendocino Gold of Plaintiff's fresh fruit, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on "all [of Mendocino Gold's] inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products . . . until full payment of the sums owing" is made to Plaintiff.

COMPLAINT                                                          4

14.     At or about the date of each sale of perishable agricultural commodities to Mendocino Gold, Plaintiff sent an invoice to Mendocino Gold. Each invoice set forth information in sufficient detail to identify the transaction and the sum owed by Mendocino Gold to Plaintiff for the perishable agricultural commodities purchased by Mendocino Gold. Each invoice also included the language required by the PACA, 7 U.S.C. §499e(c)(4), to preserve Plaintiff's PACA trust rights for the total sum owed under the invoices.

15.     Plaintiff has performed and fulfilled all duties required of it to preserve its PACA trust rights. As a result, Plaintiff holds – and since the day Mendocino Gold received the perishable agricultural commodities from Plaintiff has held – a perfected interest as a statutory trust beneficiary in the PACA trust assets held by Mendocino Gold. Indeed, the PACA trust assets never became the property of Mendocino Gold. Rather, as the beneficiary of the PACA trust, Plaintiff holds equitable title to the trust assets held by Mendocino Gold, which include but are not limited to all inventory of perishable agricultural commodities, all proceeds and receivables from the sale of perishable agricultural commodities, and all assets purchased with or maintained by the proceeds from the sale of perishable agricultural commodities.

16.     The PACA trust requires and required Defendants Mendocino Gold, Alexander Thomas, Stephen Thomas, and Anne Thomas to hold and preserve all perishable agricultural commodities, proceeds, and receivables in trust for the benefit of Plaintiff, until full payment is made by Mendocino Gold to Plaintiff. Plaintiff is informed and believes and on that basis alleges that Defendants Mendocino Gold, Alexander Thomas, Stephen Thomas, and Anne Thomas have failed to maintain the trust assets and to keep them available to satisfy Defendant Mendocino Gold's obligations to Plaintiff.

17.     Plaintiff is informed and believes and on that basis alleges that Defendants improperly dissipated Plaintiff's interest in the PACA trust assets held by Mendocino Gold by

COMPLAINT                                5

wrongfully transferring or diverting them to themselves and/or to other third parties who were not bona fide purchasers, by granting a security interest in the trust assets, by failing to maintain the trust, and/or by using the trust assets for purposes other than for paying Plaintiff, all in violation of the PACA and in breach of their fiduciary duties.  7 U.S.C. §§ 499b(4) & 499e(c).

18. As a direct and proximate result of the wrongful acts and omissions of Defendants Mendocino Gold, Alexander Thomas, Stephen Thomas, and Anne Thomas, Plaintiff has been damaged in the sum of $34,786, plus pre and post judgment interest at the contractual rate of 18% per year, costs, and attorneys' fees, all of which qualifies for protection under the PACA trust provisions.

19. Consequently, because Plaintiff has and had a superior interest in Mendocino Gold's PACA trust assets, Defendants should account for all PACA trust assets currently in Mendocino Gold's possession or previously held by Mendocino Gold.  In addition, Defendants should disgorge all PACA trust assets, now in their possession or in the possession of third parties controlled by them, to Plaintiff until Plaintiff has been paid in full for the fresh fruit that it sold and shipped to Mendocino Gold.

## IV.

## SECOND CAUSE OF ACTION

### (BREACH OF CONTRACT)
*Against Defendant Mendocino Gold*

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 of this Complaint as though fully set forth in this paragraph 20.

21. Plaintiff has fulfilled all of its obligations under the contracts with Defendant Mendocino Gold; however, Mendocino Gold has failed to pay Plaintiff the sums that it agreed to pay Plaintiff for the fresh fruit that Plaintiff sold and shipped to Mendocino Gold.

22. Plaintiff has repeatedly demanded that Defendant Mendocino Gold pay the $34,786 that Mendocino Gold owes it and that is well past due; however, in breach of its contracts with Plaintiff, Mendocino Gold has failed to do so.

23. As a direct and proximate result of Defendant Mendocino Gold's breach of the contracts with Plaintiff, Plaintiff have been damaged in the sum of $34,786, plus pre and post judgment contractual interest at the rate of 18%, attorneys' fees, and costs.

V.

### THIRD CAUSE OF ACTION

**(BREACH OF FIDUCIARY DUTY BY PACA TRUST TRUSTEE)**
*Against Defendants Alexander Thomas, Stephen Thomas, and Anne Thomas*

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth in this paragraph 24.

25. As the owners, managing members, and officers of Mendocino Gold, Defendants Alexander Thomas, Stephen Thomas, and Anne Thomas – both individually and as trustees for the Revocable Trusts – controlled and continue to control the day-to-day operations, financial affairs, and PACA trust assets of Mendocino Gold.

26. As individuals in a position to control the PACA trust assets held by Mendocino Gold, Defendants Alexander Thomas, Stephen Thomas, and Anne Thomas – both individually and as trustees for the Revocable Trusts – are and were at all relevant times the statutory trustees of the PACA trust assets held by Mendocino Gold for the benefit of Plaintiff. As trustees of the PACA trust assets, Defendants Alexander Thomas, Stephen Thomas, and Anne Thomas were required to maintain the PACA trust assets in a manner that insured that they would be readily available to satisfy Mendocino Gold's outstanding debt to Plaintiff.

27. Defendants Alexander Thomas, Stephen Thomas, and Anne Thomas – both individually and as trustees for the Revocable Trusts – breached their fiduciary duty by failing to

COMPLAINT                                                   7

maintain the PACA trust assets in a manner so as to insure payment to Plaintiff, by dissipating the PACA trust assets, and by failing to account for the PACA trust assets.

28.     As a direct and proximate result of Defendants Alexander Thomas, Stephen Thomas, and Anne Thomas's breach of their fiduciary duty, Plaintiff has been damaged in the sum of $34,786, plus interest at the contractual rate of 18% per year, costs, and attorneys' fees.

## VI.

## FOURTH CAUSE OF ACTION

### (FAILURE TO PAY PROMPTLY AND TO MAINTAIN PACA TRUST)
*Against Defendant Mendocino Gold*

29.     Plaintiff realleges and incorporates by reference paragraphs 1 through 28 of this Complaint as though fully set forth in this paragraph 29.

30.     Although the agreed time for payment for Plaintiff's fresh fruit is long past due, Mendocino Gold has failed and continues to fail to make full payment for these commodities.

31.     In addition, Mendocino Gold has failed to properly maintain the PACA trust assets so as to have sufficient funds to pay Plaintiff in full for the fresh fruit that Mendocino Gold purchased from Plaintiff.

32.     Mendocino Gold's failure to "make full payment promptly" for all sums due to Plaintiff and its failure "to maintain the trust," so as to be freely available to pay Plaintiff, are violations of the PACA.  7 U.S.C. § 499b(4).

33.     As a direct and proximate result of Defendant Mendocino Gold's violations of the PACA, Plaintiff have been damaged in the sum of $34,786, plus interest, costs, and attorneys' fees.

## VII.

## FIFTH CAUSE OF ACTION

### (UNJUST ENRICHMENT)
*Against All Defendants*

34. Plaintiff alleges and incorporates by reference paragraphs 1 through 33 inclusive, of this Complaint as though fully set forth in this paragraph 34.

35. Plaintiff is informed and believes that Defendants converted, or are now in the process of converting, to their own use and benefit, the proceeds from the sale of Plaintiff's fresh fruit.

36. If Defendants are allowed to continue to convert and/or use these proceeds, they will be unjustly enriched to the detriment of Plaintiff.

37. As a direct and proximate result of Defendants' wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the sum of $34,786.

**WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS AS FOLLOWS:**

### FIRST CAUSE OF ACTION
### (Enforcement of the PACA Trust Provisions; Disgorgement of PACA Trust Assets)

**Against All Defendants, Jointly and Severally:**

A. For an order requiring Defendants to immediately account for and pay and/or disgorge to Plaintiff all PACA trust assets held by or previously held by Mendocino Gold, until Plaintiff has been paid in full ($34,786), plus interest at the contract rate of 18% per year from the date the obligation became due and payable to Plaintiff until fully paid, costs, and attorneys' fees; and

B. For such other and further relief as the Court may deem just and proper.

COMPLAINT                               9

## SECOND CAUSE OF ACTION
### (Breach of Contract)

**Against Defendant Mendocino Gold:**

C. For damages in the total sum of $34,786;

D. For interest at the contract rate of 18% per year from the date the obligation became due and payable to Plaintiff until fully paid, attorneys' fees, and costs; and

E. For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty by PACA Trust Trustee)

**Against Defendants Alexander Thomas, Stephen Thomas, and Anne Thomas (Individually and as trustees of the Revocable Trusts), Jointly and Severally:**

F. For damages in the total sum of $34,786;

G. For interest at the contract rate of 18% per year from the date the obligation became due and payable to Plaintiff until fully paid;

H. For attorneys' fees and costs of suit incurred; and

I. For such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION
### (Failure to Pay Promptly and to Maintain PACA Trust)

**Against Defendant Mendocino Gold:**

J. For an order requiring Defendant Mendocino Gold to immediately account for and to pay all sums due to Plaintiff in the total amount of $34,786;

K. For interest at the contract rate of 18% per year from the date the obligation became due and payable to Plaintiff until fully paid;

L. For attorneys' fees and costs of suit incurred; and

M. For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION
### (For Unjust Enrichment)

**Against All Defendants, Jointly and Severally:**

N.   For damages in the total sum of $34,786;

O.   For interest at the highest rate allowable from the date the obligation became due and payable to Plaintiff until fully paid;

P.   For costs of suit incurred; and

Q.   For such other and further relief as this Court deems just and proper.

Date: June 19, 2008                    RYNN & JANOWSKY, LLP


                              By:    /s/  Marion I. Quesenbery
                                     MARION I. QUESENBERY
                                     Attorneys for Plaintiff
                                     The Chuck Olsen Co., Inc.

COMPLAINT                              11