Marion I. Quesenbery, Cal. SBN 072308
Elise C. O'Brien, Cal. SBN 245967
RYNN & JANOWSKY, LLP
P.O. Box 20799
Oakland, CA 94620
Telephone: (510) 705-8894
Facsimile: (510) 705-8737
E-mail: marion@rjlaw.com
E-mail: elise@rjlaw.com

Attorneys for Plaintiff
The Chuck Olsen Co., Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CHUCK OLSEN CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>MENDOCINO GOLD GIFTS LLC, et al.,<br><br>Defendants. | CASE NO. C08-03039 MEJ<br><br>**STATUS UPDATE STATEMENT** |

On June 25, 2009, the Court issued an order requesting that Plaintiff The Chuck Olsen Co., Inc. ("Olsen") file a statement updating the Court on the status of this action. Olsen respectfully files this Statement in response to the Court's order.

1. As the Court is aware, Olsen previously requested the Clerk of the Court to enter default against Defendants. The Clerk declined to enter default, because of an inconsistency in the Proofs of Service filed by Olsen. Specifically, the Proofs of Service on Defendants Alexander Thomas III, Stephen N. Thomas, and Anne I. Thomas state that substituted service was accomplished by serving Joan Bell, the person in charge of defendants dwelling, house, usual place of abode, usual place of business, or usual mailing address. The Proof of Service for

Mendocino Gold Gifts LLC, however, shows service on Anne Thomas, Agent for Service, and under "Manner of Service," the Proof of Service contains the identical statement shown on the individual defendants Proofs of Service: "Manner of Service: Substituted Service . . ." The Clerk of the Court correctly questioned this service.

2. Counsel for Olsen just filed a corrected proof of service of the complaint and summons on Defendant Mendocino Gold Gifts. [Docket #18]. When counsel for Olsen discussed the service on Defendants with Attorney's Diversified, the company that arranged for the service, she was told that the notes in Attorney's Diversified's file state that all service on Defendants was accomplished by substituted service on Joan Bell, the person in charge of the Mendocino Gold Gifts LLC office at 3501 Taylor Drive, Ukiah, California, including the service on Mendocino Gold Gifts LLC's agent for service Anne Thomas. In other words, although the first Proof of Service for Mendocino Gold Gifts LLC does state that the manner of service was "Substituted Service," the person served was incorrectly typed. [Docket #8, Exhibit A].

3. Attorney's Diversified requested the process server to review his Proof of Service on Mendocino Gold Gifts LLC and, if it was in error, to correct it to state the person who was actually served, which he did. This proof of service was just filed. [Docket #18].

4. In addition, Plaintiff filed another Request for Default by the Clerk. [Docket #19]. Assuming that the Clerk enters default, as requested, against all Defendants, Plaintiff will then file a Request for Default Judgment (which has been drafted but not filed). If, for whatever reason the Clerk declines to enter default, Plaintiff will evaluate the reason for the declination and resolve the problem, or it will ask the Court to enter default.

5. Counsel for Plaintiff recognizes that this case has been pending entirely too long, and she intends to take whatever steps are necessary to bring it to a conclusion within the next

two months (or sooner, if possible).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: July 9, 2009

RYNN & JANOWSKY, LLP

By: /s/ Marion I. Quesenbery
MARION I. QUESENBERY
Attorneys for Plaintiff
The Chuck Olsen Co., Inc.

If the Clerk of Court enters default, Plaintiff shall file a motion for default judgment within 30 days. If the Clerk declines entry of default, Plaintiff shall file a status report within 14 days.

Date: July 10, 2009

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Judge Maria-Elena James
NORTHERN DISTRICT OF CALIFORNIA