Marion I. Quesenbery, Cal. SBN 072308
Elise C. O'Brien, Cal. SBN 245967
RYNN & JANOWSKY, LLP
P.O. Box 20799
Oakland, CA 94620
Telephone: (510) 705-8894
Facsimile: (510) 705-8737
E-mail: marion@rjlaw.com
E-mail: elise@rjlaw.com

Attorneys for Plaintiff
The Chuck Olsen Co., Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CHUCK OLSEN CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> MENDOCINO GOLD GIFTS LLC, et al., <br><br> Defendants. | CASE NO. C08-03039 MEJ <br><br> **RESPONSE TO ORDER TO SHOW CAUSE** <br><br> **Hearing Date: November 5, 2009** <br> **CMC Time: 10:00 a.m.** <br> **CMC Place: Ctrm. B, 15th Floor** <br> **San Francisco** |

I, Marion I. Quesenbery, in response to the Order to Show Cause dated October 22, 2009, respectfully declare and state:

1. I am the principal attorney representing Plaintiff The Chuck Olsen Co., Inc. in this action.

2. As the Order to Show Cause notes, on July 10, 2009, the Court issued an Order which stated that if the Clerk entered Default in this matter, "Plaintiff shall file a motion for default judgment within 30 days." Although I received this Order and read it, unfortunately it was not calendared on either my calendar or my office's. Considering the high quality of our office staff, the fault is no doubt mine.

Response to Order to Show Cause, Case No. C 08-03039 MEJ – Page 1

3. In any event, due to this inadvertent error, we did not file the Motion for Default Judgment within the time limit set by the Court. Even without the Court's deadline, however, I had intended to file the Motion for Default Judgment shortly after default was entered; however, I was contacted by an attorney representing Defendant Anne I. Thomas who informed me that he intended to file a motion requesting that default be set aside as to his client. Specifically, he told me that Defendant Anne Thomas will allege in such a motion that she was not properly served (substitute service at her usual place of business), since – he informed me – she is allegedly no longer associated with Defendant Mendocino Gold Gifts, LLC ("Mendocino Gold"), where she was served, and was not at the time that the service was accomplished. As a result, before filing the Motion for Default Judgment, I began to investigate whether Defendant Thomas was and is, in fact, no longer associated with Mendocino Gold. Of course, had I properly calendared the deadline set by the Court, I would have filed the Motion for Default Judgment as to all other Defendants and asked the Court's permission to delay filing against Defendant Thomas. Since Defendant Anne Thomas' attorney contacted me, we have discussed resolving the complaint, as to Ms. Thomas, and/or avoiding a Motion to Set Aside Default. Given Defendant Anne Thomas' position in regard to service and her claim that she was not associated with Mendocino Gold when Plaintiff sold its produce to the company, it makes little sense to waste the court's time and the parties' money fighting the default, and I am inclined to stipulate that the default be set aside, as to Defendant Anne Thomas only, and to proceed on the merits (or, preferably, to settle the dispute).

3. In sum, I sincerely apologize for not filing the Motion for Default Judgment and ask the Court's indulgence one last time. Specifically, Plaintiff respectfully requests an additional 10 days to file a Motion for Default Judgment as to all Defendants (or as to all

Defendants *except* Anne Thomas, *if* the Motion is coupled with a Stipulation or similar pleading requesting that the default be set aside as to Defendant Anne Thomas).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: October 28, 2009          RYNN & JANOWSKY, LLP

By:    /s/ Marion I. Quesenbery
       MARION I. QUESENBERY
       Attorneys for Plaintiff
       The Chuck Olsen Co., Inc.

**IT IS SO ORDERED.**

Date: October 30, 2008

_____
U.S. MAGISTRATE JUDGE